IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-129-D

RANDY DINGLE, )
)
Plaintiff, )
)
v. ) **ORDER**
)
BENJAMIN KHAN, et al., )
)
Defendants. )

On April 4, 2019, Randy Dingle ("Dingle" or "plaintiff"), appearing pro se, filed a complaint in this court against two United States Bankruptcy Judges and twenty other defendants [D.E. 1]. The complaint concerns various state and federal judicial proceedings related to Dingle, and Dingle seeks $90,000,000 in silver or gold. See id. at 11–20.

On April 29, 2019, defendant Two Men and a Truck moved to dismiss the complaint [D.E. 13]. See Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6). On April 30, 2019, defendants Natasha Barone and Michael B. Stein moved to dismiss the complaint [D.E. 16]. See Fed. R. Civ. P. 9(b), 12(b)(5), (6). On May 3, 2019, defendants Mickey Locklear, Greg Morrison, and Terry Ray moved to dismiss the complaint [D.E. 41]. See Fed. R. Civ. P. 12(b)(1), (6). On May 8, 2019, defendant William Hill moved to dismiss the complaint [D.E. 48]. See Fed. R. Civ. P. 9(b), 12(b)(5), (6). On May 28, 2019, Bragg Mutual Credit Union moved to dismiss the complaint [D.E. 75]. See Fed. R. Civ. P. 12(b)(5), (6). On June 5, 2019, defendant Al Kerr moved to dismiss the complaint [D.E. 81]. See Fed. R. Civ. P. 12(b)(1), (6). On June 6, 2019, defendant Benjamin Lovell moved to dismiss the complaint [D.E. 85]. See Fed. R. Civ. P. 9(b), 12(b)(6). On the same date, defendant Richard

M. Hutson, II moved to dismiss the complaint [D.E. 87]. See Fed. R. Civ. P. 9(b), 12(b)(6). On June 10, 2019, defendant Shapiro & Ingle, LLP moved to dismiss the complaint [D.E. 92]. See Fed. R. Civ. P. 12(b)(6). On the same date, defendants Joseph N. Callaway and Benjamin Khan moved to dismiss the complaint [D.E. 94]. See Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). On June 11, 2019, defendant Timothy J. Peterkin moved to dismiss the complaint [D.E. 98]. See Fed. R. Civ. P. 12(b)(4), (5), and (6). On June 11, 2019, defendant Mitch Edwards moved to dismiss the complaint [D.E. 100]. See Fed. R. Civ. P. 12(b)(1), (6). On June 12, 2019, defendant Gregg Edwards moved to dismiss the complaint [D.E. 103]. See Fed. R. Civ. P. 9(b), 12(b)(1), (2), (4), (5), and (6). On June 21, 2019, defendant Two Men and a Truck moved to strike plaintiff's opposition to its motion to dismiss [D.E. 112]. See Fed. R. Civ. P. 12(f). On June 25, 2019, Dingle moved for entry of default against Alonzo Dingle [D.E. 116], Bruce Bullock [D.E. 117], Jacquelyn Faye Carter [D.E. 118], Patricia Ellen Watson Dingle [D.E. 119], and Natashia Dingle [D.E. 120]. On July 12, 2019, Dingle moved for statements to be entered into evidence [DE. 127, 128].

On September 25, 2019, the court referred this matter to Magistrate Judge Gates for frivolity review and a memorandum and recommendation ("M&R") on defendants' motions to dismiss [D.E. 13, 16, 41, 48, 75, 81, 85, 87, 92, 94, 98, 100, 103]. The court also referred defendant Two Men and a Truck's motion to strike [D.E. 112], plaintiff's motions for entry of default [D.E. 116, 117, 118, 119, 120], and plaintiff's motions that statements be entered in evidence [D.E. 127, 128] to Magistrate Judge Gates for disposition. See 28 U.S.C. § 636(b)(1).

On February 20, 2020, Magistrate Judge Gates issued a comprehensive M&R [D.E. 134] and recommended that the court dismiss Dingle's complaint as frivolous and deny all pending motions as moot. In the M&R, Judge Gates detailed the complaint's frivolity and noted that the court lacked subject-matter jurisdiction over the claims concerning state-court foreclosure. See id. at 2–4, 7–12.

2

Judge Gates also explained why Dingle's complaint failed to state a claim upon which relief can be granted, and why he recommended that the court deny the pending motions as moot. See id. at 12–17.

On February 27, 2020, Dingle objected to the M&R [D.E. 135]. In his objections, Dingle stated, in full, that he did not believe that his case was "frivolity" and that he believed his case should go forward based "on all facts and evidence." Id.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, and plaintiff's objections to the M&R. Plaintiff's objections to the M&R are general objections and do not warrant de novo review. See, e.g., Wells, 109 F.3d at 200. Moreover, the court is satisfied that there is no clear error on the face of the record. See id. Thus, the court overrules plaintiff's objections [D.E. 136] and adopts the conclusions in the M&R.

3

In sum, Dingle's complaint is DISMISSED as frivolous. The court DENIES the pending motions [D.E. 13, 16, 41, 48, 75, 81, 85, 87, 92, 94, 98, 100, 103, 112, 116, 117, 118, 119, 120, 127, 128] as moot. The clerk shall close the case.

SO ORDERED. This 16 day of March 2020.

*J. Dever*
JAMES C. DEVER III
United States District Judge